Filed 5/19/22  P. v. Mateo CA2/4
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>MILTON MATEO,<br><br>      Defendant and Appellant. | B305965<br><br>(Los Angeles County<br>Super. Ct. No. BA414092) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Reversed and remanded with instructions.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Milton Mateo sought resentencing for his attempted murder conviction under the original version of Penal Code 1170.95.[1]  The trial court denied the petition because appellant was not convicted of murder, and we affirmed.  The Supreme Court granted appellant's petition for review.  While the petition was pending, the Legislature enacted and the governor signed into law Senate Bill No. 775 (Stats. 2021, ch. 551), amending section 1170.95 to provide relief for those convicted of attempted murder and manslaughter.  The Supreme Court transferred the matter to this court without decision, with directions to vacate our April 20, 2021 decision and reconsider the cause in light of Senate Bill No. 775 and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).  We vacated our previous decision on January 26, 2022.

Both parties submitted supplemental briefs asserting that the matter should be remanded for the trial court to appoint counsel and conduct further proceedings pursuant to section 1170.95.  We agree.  The matter is reversed and remanded to the trial court with directions to appoint counsel for appellant and conduct further proceedings consistent with section 1170.95.

## BACKGROUND

In March 2013, appellant initiated a fistfight with a rival gang member outside a Los Angeles grocery store.  During the fight, appellant's fellow gang member and codefendant Gunni Scroggins stabbed the rival twice in the neck.  Appellant and Scroggins then fled the scene.  The victim survived the attack.  A jury instructed on both the natural and probable consequences doctrine and aiding and abetting principles found appellant and

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

Scroggins guilty of attempted premeditated murder. (§§ 187, subd. (a), 664, subd. (a).)

We affirmed appellant's conviction in February 2016. Appellant filed a petition for review, and the Supreme Court granted review of the following issue: "In order to convict an aider and abettor of attempted willful, deliberate and premeditated murder under the natural and probable consequences doctrine, must a premeditated attempt to murder have been a natural and probable consequence of the target offense? In other words, should *People v. Favor* (2012) 54 Cal.4th 868 be reconsidered in light of *Alleyne v. United States* (2013) ___U.S. ___ [133 S.Ct. 2151] and *People v. Chiu* (2014) 59 Cal.4th 155?"

While appellant's petition was pending, the Legislature enacted and the governor signed into law Senate Bill No. 1437 (Stats. 2018, ch. 1015), which added section 1170.95 and "amend[ed] the felony murder rule and natural and probable consequences doctrine, as it relates to murder." (Stats. 2018, ch. 1015, § 1, subd. (f).) After receiving supplemental briefing on Senate Bill No. 1437 from appellant and the Attorney General, the Supreme Court transferred the matter to this court with directions to vacate our February 2016 decision and reconsider the cause in light of Senate Bill No. 1437.[2]

---

[2] The Supreme Court later granted review of the same issue in *People v. Lopez*, No. S258175. However, in November 2021 it transferred the *Lopez* matter to the Second District Court of Appeal, Division Seven with directions for the appellate court to vacate its decision and reconsider the cause in light of Senate Bill No. 775 (Stats. 2021, ch. 551).

After supplemental briefing by the parties, we issued a decision again affirming appellant's conviction. (*People v. Mateo* (July 9, 2019, B258333) [nonpub. opn.].) However, we concluded that the impact of Senate Bill No. 1437 on appellant's conviction and sentence should be analyzed by the trial court in the first instance and remanded the matter to the trial court "without prejudice to Mateo filing a petition for relief under S.B. 1437 in the trial court." (*Ibid.*)

Appellant filed a petition for relief under section 1170.95 on March 9, 2020. He declared that he was convicted of attempted murder under the natural and probable consequences doctrine and therefore could not be convicted under current law. He also requested appointment of counsel. The trial court summarily denied the petition on April 2, 2020, without appointing counsel for appellant. The court held that appellant was ineligible for relief because section 1170.95 was applicable only to individuals convicted of murder, not those who, like appellant, were convicted of attempted murder. Appellant appealed, and we affirmed based on the text of section 1170.95, which at that time permitted only "[a] person convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition . . . to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts" under certain conditions. (Former § 1170.95, subd. (a).)

Appellant filed a petition for review, which the Supreme Court granted and held pending resolution of *People v. Lewis*, No. S260598, which concerned the trial court's obligation to appoint counsel under section 1170.95, and *People v. Lopez*, No. 258175, which concerned the applicability of section 1170.95 to attempted

4

murder convictions as well as the issue highlighted in footnote 2 above. (See *People v. Mateo*, No. 268757.)

The Supreme Court issued a decision in *Lewis*, *supra*, 11 Cal.5th 952 in July 2021, holding that a section 1170.95 petitioner is entitled to the appointment of counsel upon the filing of a facially sufficient petition. Shortly thereafter, the Legislature enacted and the governor signed into law Senate Bill No. 775 (Stats. 2021, ch. 551), which amended section 1170.95 to apply to those convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1170.95, subd. (a); see also *id.* subds. (a)(1)-(a)(3).) Senate Bill No. 775 took effect January 1, 2022.

On January 26, 2022, the Supreme Court transferred the matter to this court without decision, with directions to vacate our April 20, 2021 decision and reconsider the cause in light of *Lewis*, *supra*, 11 Cal.5th 952, and Senate Bill No. 775. We vacated our prior decision and obtained supplemental briefing from appellant and the Attorney General.

## DISCUSSION

Senate Bill No. 1437 eliminated murder liability under theories of imputed malice other than the felony murder rule, which it significantly narrowed. (§§ 188, subd. (a)(3), 189, subd. (e); Stats. 2018, ch. 1015, §§ 2, 3.) Senate Bill No. 1437 also added section 1170.95 to the Penal Code. (Stats. 2018, ch. 1015, § 4.) As amended by Senate Bill No. 775, section 1170.95 permits a person who was convicted of murder or attempted murder under any theory of imputed malice, including the natural and probable consequences doctrine, but who could no longer be convicted of murder or attempted murder due to Senate Bill No. 1437's changes to the law, to petition the sentencing court to have

5

the murder or attempted murder conviction vacated and to be resentenced on any remaining counts.  (§ 1170.95, subd. (a); Stats. 2021, ch. 551, § 2.)

A section 1170.95 petition must contain the petitioner's declaration that he or she is eligible for resentencing, the superior court case number and year of the relevant conviction, and an indication whether the petitioner requests the appointment of counsel.  (§ 1170.95, subd. (b)(1).) After ascertaining that the petition contains the required information, the trial court must appoint counsel for the petitioner if he or she requested it.  (§ 1170.95, subd. (b)(3).)  The trial court then must allow the parties to file briefs and hold a hearing to determine whether the petitioner has made a prima facie showing of entitlement to relief.  (§ 1170.95, subd. (c); *Lewis*, *supra*, 11 Cal.5th at pp. 960-968.)  "[A]t the prima facie stage, a petitioner's allegations should be accepted as true, and the court should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, *supra*, at p. 974, quoting *People v. Drayton* (2020) 47 Cal.App.5th 965, 980.)

As the parties here both recognize, appellant's petition contained all the information required by section 1170.95, subdivision (b)(1) and included a request for the appointment of counsel.  Under *Lewis* and section 1170.95 as amended by Senate Bill No. 775, appellant accordingly was entitled to the appointment of counsel, the opportunity to brief any relevant issues, and a hearing at which his prima facie eligibility for relief is determined.  The trial court erred in summarily dismissing his petition.

Moreover, the error was not harmless; it is reasonably probable that appellant's facially sufficient petition would not have been summarily denied if he had been afforded the assistance of counsel. (See *Lewis*, *supra*, 11 Cal.5th at pp. 972-974.) We accordingly reverse the order summarily denying appellant's petition and remand for the appointment of counsel and further proceedings consistent with section 1170.95, including the submission of briefing, a hearing to determine if a prima facie showing has been made, and, if such a showing is made, the issuance of an order to show cause.

## DISPOSITION

The order summarily denying appellant's petition for postconviction relief under section 1170.95 is reversed. The matter is remanded to the trial court with directions to appoint counsel for appellant, set a briefing schedule, and follow section 1170.95's further procedures for evaluating his petition for relief from his conviction for attempted murder.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


MANELLA, P. J.


WILLHITE, J.

7